MEYERS BROTHERS *v.* FIRST NATIONAL BANK OF RECTOR.

Opinion delivered November 9, 1931.

*Reid, Evrard & Henderson,* for appellant.

*Wm. F. Kirsch,* for appellee.

HUMPHREYS, J. Appellants sued appellee in the chancery court of Clay County, Eastern District, for having cashed and collected from Meyers Brothers, one of the appellants, sixteen checks in the total sum of $1,520.92, alleged to have been forgeries.

Appellee denied that the checks were forged.

The issue joined was submitted to the court upon the testimony adduced, from which the chancellor specifi-

cally found that the evidence failed to show that the checks were issued to fictitious payees, or that payments were made on forged indorsements and, based upon the findings, dismissed appellant's complaint, from which is this appeal.

The facts reflected by the record are as follows:

Meyers Brothers lived at Blytheville, Arkansas, and operated a gin at Rector, Arkansas. They did little commercial ginning, their plan being to buy seed and lint cotton and gin the seed cotton for themselves. They employed S. P. Wood to manage the gin and buy the cotton. They employed Claude S. Outlaw to keep books and issue checks on appellee bank in payment of the cotton bought from the farmers, and took an indemnity bond from the Union Indemnity Company, the other appellant, to protect them against any loss on account of the dishonesty of Claude S. Outlaw. They carried no deposit with appellee bank, but made an arrangement whereby it would cash the checks drawn on it in payment of cotton thus purchased, and at the end of each day to draw on them for the aggregate amount with checks attached to the draft. Claude S. Outlaw was also authorized by them to sell their cotton seed and to remit the proceeds by cashier's checks to them. On account of an irregularity on his part in connection with the sale of the cotton seed, they became suspicious of his other transactions and, upon investigation, came to the conclusion that he had drawn checks to fictitious persons to pay for purchases of cotton and had forged the indorsements of these persons on sixteen checks, aggregating $1,520.92, and collected same in person from appellee bank through its negligence, and who in turn wrongfully charged and collected same from them. They presented a claim to the Union Indemnity Company for the alleged peculations of Claude S. Outlaw in the sum of $1,520.92, which it paid without question. The cotton bought by S. P. Wood was brought into Rector by farmers who resided in the country round about.

622

The only witness introduced by appellants in an effort to show that the names of the payees in the sixteen checks in question were fictitious or that the indorsements thereon were forgeries was Adolph Meyers, a member of the firm of Meyers Brothers, who testified that he investigated at and near Rector and made inquiry in an effort to learn whether or not there were persons living at or near that place of the names appearing on the checks; that he was not able to find anybody at or near Rector, in the investigation, who knew any person by any of the names appearing on the checks offered in evidence; that he inquired of people who were well acquainted at Rector and who had an acquaintance among the farmers living near Rector; and that among others he inquired of the county weigher or his deputy at Rector, who stated that he did not know any of these persons.

This statement cannot be regarded as sufficient substantial evidence to show that the checks were forged. The most it shows is that the persons of whom Adolph Meyers inquired concerning the several payees of the checks were not acquainted with any of them.

No error appearing, the decree is affirmed.